UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID W. CREVLING,

           Plaintiff,

       v.

STATE OF WASHINGTON,

           Defendant.

No. CV-04-486-FVS

ORDER DENYING MOTION FOR
DEFAULT JUDGMENT AND
GRANTING MOTION TO DISMISS

**BEFORE THE COURT** is Plaintiff's Motion for Default Judgment, Ct. Rec. 28, and Defendant's Motion to Dismiss, Ct. Rec. 42. The Plaintiff is proceeding *pro se* and the Defendant is represented by Assistant Attorney General Sheila Lynch. The Court has reviewed the memoranda submitted by the parties with respect to these motions as well as the entire file and is fully informed.

**BACKGROUND**

Plaintiff filed a Complaint for Conversion, alleging the State of Washington converted 125 steelhead salmon, various items associated with Plaintiff's water diversion on Gold Creek, and some amount of water, in violation of Plaintiff's property rights under the Fifth Amendment of the United States of Constitution. Plaintiff seeks monetary relief ($700 million and double damages of $1.4 billion), the return of his property allegedly seized by Defendant (fish, canal, headgate, headworks, diversion works, weirs, and

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO DISMISS - 1

water), and an injunction declaring Plaintiff's right to his property and barring Defendant from the property, the operation of the canal, and the propagation of wild fish in the canal.

On March 4, 2005, the Court granted Plaintiff's Motion for Service of Summons and Complaint and Plaintiff's request to proceed *in forma pauperis*.  That same day, Plaintiff's Summons and Complaint was delivered to the Office of the Governor of the State of Washington.  However, service of a summons and complaint in an action against the State of Washington must be made upon the Office of the Attorney General.  *See* Wash.Rev.Code § 4.92.020.  In any event, on March 17, 2005, Assistant United States Attorney Sheila Lynch filed a Notice of Appearance on behalf of the Washington State Department of Fish and Wildlife.[1]  On the same day, Plaintiff filed a motion for default and a notice of hearing for March 25, 2005.  The motion for default and notice of hearing were also served on the Office of Governor of the State of Washington rather than the Office of the Attorney General.  On March 24, 2005, Defendant filed a response to Plaintiff's Motion for Default.  The response noted that Defendant was never properly served with Plaintiff's Complaint or Plaintiff's Motion for Default, but indicated Defendant would be filing an Answer to Plaintiff's Complaint on March 25, 2005.

---

[1] On March 28, 2005, Defendant filed an Amended Notice of Appearance on behalf of the State of Washington after realizing the first Notice of Appearance did not clearly indicate appearance on behalf of the State.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO DISMISS - 2

***Motion for Default Judgment***

Since filing his original motion to dismiss, Plaintiff has filed numerous briefs arguing he is entitled to default judgment based on an error in the Defendant's Notice of Appearance and Defendant's untimely Answer to Plaintiff's Complaint.  Pursuant to Federal Rule of Civil Procedure 12, Defendant's Answer should have been filed on March 24, 2005, twenty days after Plaintiff's purported service of the summons and complaint.  Fed.R.Civ.P. 12(a)(1)(A).  However, Defendant's Answer was filed on March 25, 2005.

Federal Rule of Civil Procedure 55(b) empowers the Court to enter a default judgment against a party who has failed to plead or otherwise defend an action against it.  "If the party against whom judgment by default is sought has appeared in the action, the party shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."  Fed.R.Civ.P. 55(b)(2).  Here, Defendant did appear through an attorney on the same day Plaintiff filed his motion for default, and thus was entitled to receive notice of the motion for default.  However, Plaintiff served his motion for default on the Officer of the Governor of the State of Washington, not the Office of the Attorney General, as directed by the Notice of Appearance filed by Sheila Lynch.  In fact, Defendant only learned of Plaintiff's motion for default through inquiry with the Court on an unrelated matter.

The decision to grant or to deny a request for default judgment lies within the sound discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  When exercising this discretion,

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO DISMISS - 3

the Court should consider the following factors: (1) the merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake in the action; (4) the possibility of prejudice to the plaintiff; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits. *Eitel v. MCCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

After consideration of the above factors, the Court exercises its discretion and denies Plaintiff's motion for default.  The Court notes that Defendant clearly indicated its intent to defend against this action in its Response to Plaintiff's Motion for Default. Further, even though it was ambiguous, the initial Notice of Appearance was further evidence of the Defendant's intent to defendant against this action, specifically in light of the fact that Defendant was never properly served with Plaintiff's Summons and Complaint or Motion for Default Judgment.  Furthermore, Defendant's Answer was only one day late.  Accordingly, for the reasons stated, the Court declines to grant a default judgment in this case.

### *Motion to Dismiss*

Pursuant to Federal Rule of Civil Procedure 12(b), Defendant moves to dismiss Plaintiff's Complaint on Eleventh Amendment immunity grounds and for failure to state a claim.

The Eleventh Amendment bars a citizen from bringing a suit against his own state in federal court unless the state consents. *Micomonaco v. State of Wash.*, 45 F.3d 316, 319 (9th Cir. 1995).

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO DISMISS - 4

Here, Plaintiff is a citizen of Washington.  Therefore, unless this case falls into one of the exceptions to the Eleventh Amendment protection, Plaintiff's Complaint against the State of Washington is barred by Eleventh Amendment immunity and must be dismissed.

"There are two well established exceptions to the Eleventh Amendment protection from suit."  *Id.* (citation and quotation omitted).  "Congress can abrogate the Eleventh Amendment without the consent of the states in certain instances or a state may waive its immunity by consenting to suit in federal court."  *Id.*  Neither of these exceptions apply in this case.  Consequently, the Plaintiff's claim is barred by the Eleventh Amendment.  Therefore, the Defendant's motion to dismiss is granted on this basis.  Accordingly,

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Default Judgment, **Ct. Rec. 28,** is **DENIED.**

2.  Defendant's Motion to Dismiss, **Ct. Rec. 42,** is **GRANTED IN PART AND DENIED IN PART.**  This action is **DISMISSED WITHOUT PREJUDICE.**

3.  All pending motions in this matter are **MOOT.**

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this Order, furnish copies to counsel and the **Plaintiff,** and **CLOSE THE FILE.**

**DATED** this 27th day of September, 2005.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND GRANTING MOTION TO DISMISS - 5